IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.   2:07cr200-MEF |
| ) | |
| CARLOS ROGERS ) | |

PLEA AGREEMENT

DEFENSE COUNSEL:          KEVIN BUTLER

ASSISTANT U.S. ATTORNEY:  STEPHEN P. FEAGA

COUNTS AND STATUTES CHARGED:

Counts 1 and 2:    21 U.S.C. §841(a)(1)
                   Possession with intent to distribute cocaine

COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 2:    21 U.S.C. §841(a)(1)

MAXIMUM PENALTIES:

Count 2:    21 U.S.C. §841(a)(1): Possession with intent to distribute cocaine-

Sentence:   A term of imprisonment which may not be less than 5 years to a maximum term of 40 years imprisonment; a fine of not more than $2,000,000.00, or both; a term of supervised release of not less than 4 years and a special assessment fee of $100.

ELEMENTS OF THE OFFENSES

Count 2:    21 U.S.C. §841(a)(1)

   1.  That the defendant knowingly and intentionally possessed a controlled substance as charged in the indictment; and

   2.  That the defendant unlawfully intended to distribute the controlled substance.

**********************************************************************

Stephen P. Feaga, Assistant United States Attorney, and Kevin Butler, Attorney for the Defendant, pursuant to Rule 11(c)(1)(A) and (c)(1)(C) of the Federal Rules of Criminal Procedure, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

## JOINT PROVISIONS

1. Upon entering a plea of guilty by the Defendant to the offense charged in Count 2 of he Indictment, the parties agree:

   a. The Government will attribute as relevant conduct between 5 and 50 grams of cocaine base to the Defendant as relevant conduct under U.S.S.G. §2D1.1. The government will not attribute to the defendant, as relevant conduct, the narcotics charged in Count 1 of the Indictment.

   b. The Government will agree to recommend at the time of sentencing that the Defendant receive a three (3) level reduction in the applicable offense level pursuant to U.S.S.G. §3E1.1(a) for the Defendant's acceptance of responsibility, so long as the Defendant does not obstruct justice or otherwise fail to accept responsibility as contemplated by the U.S.S.G. for the offense conduct.

   c. If the defendant complies with the Cooperation Agreement contained below, pursuant to §5K1.1 and 18 U.S.C. §3553, the government will move for a downward departure based upon the defendant's substantial assistance to law enforcement. The parties agree that the decision to motion the Court for a substantial assistance reduction will be at the sole discretion of the Government but it is understood that the current position of the United

    States is that the defendant has provided substantial assistance, is expected to continue to do so, and when same is complete a further reduction of some amount is anticipated.

d.     The United States will not file a motion to enhance the defendants sentence under 21 U.S.C. Section 851.

e.     If at the time of sentencing, Mr. Rogers is determined to be an career criminal under the advisory sentencing guidelines, he may withdraw his plea of guilty and proceed to trial should he choose to do so.

f.     At the time of sentencing the government will dismiss Count 1.

## DEFENDANT'S PROVISIONS

1.     The Defendant agrees to the following:

    a.     To plead guilty to Count 2 of the Indictment.

    b.     Not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged, or is chargeable, or not. Such criminal activity would include, but is not limited to: any attempt to continue Defendant's drug dealing operations, witness tampering, and/or facilitation of any other criminal activity. Determination of whether Defendant's conduct is a violation of this provision is at the sole discretion of the Government.

    c.     Comply with the Cooperation Agreement as set forth below.

## FACTUAL BASIS

The Defendant admits that on August 9, 2007, within the Middle District of Ablama he knowingly and intentionally possessed with the intent to distribute between 5 and 50 grams of cocaine base.

## COOPERATION AGREEMENT

The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the Defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The Defendant understands that this agreement requires the Defendant to be truthful and to testify truthfully whenever called upon. The Defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the Defendant by law enforcement officers and attorneys for the Government.

The Defendant agrees to fully and truthfully disclose to the Government everything the Defendant knows about any and all documents and materials in the Defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The Defendant agrees, if desired by the Government, to travel with agents outside the Middle District of Alabama to identify others involved in Defendant's narcotics organization, locations and/or residences of others involved, or any other information related to others involved in this narcotics trafficking activity. The Defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the Defendant satisfies the terms of this Plea Agreement, any information that the Defendant truthfully discloses to the Government during the course of the Defendant's cooperation, concerning related offenses, will not be used against the Defendant, directly or indirectly. The Defendant understands that this agreement does not bar the Defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the Defendant has failed or should fail in any way to fulfill completely the Defendant's

4

obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the Defendant, without the Defendant being allowed to withdraw the guilty plea. Thus, if at any time the Defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the Defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the Defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§1621, 1623, 1001, 1503); (2) to prosecute the Defendant for all violations of federal criminal law which the Defendant has committed; (3) to use against the Defendant in all of those prosecutions and sentencings the information and documents that the Defendant has disclosed or furnished to the Government during the course of the Defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the Defendant. The question of whether the Defendant has breached this agreement shall be at the sole discretion of the Government.

## APPEAL RIGHTS AND COLLATERAL ATTACK

Understanding that 18 U.S.C. §3742 provides for appeal by a Defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. §3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, the Defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. §4A1.3 (from criminal history category) or §5K2.O (from offense level). The Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

The Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The Defendant, before entering a plea of guilty to the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the Government and the Attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

    b. The Defendant further understands that, pursuant to 18 U.S.C. §3013, said $100.00 assessment fee for each charge is to be paid by the Defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the Defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office to complete a written personal financial statement setting forth the Defendant's assets and liabilities as of the date of the offense.

c. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

d. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

e. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

g. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

h. The Defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the Plea Agreement, the Defendant may withdraw his guilty plea, if she so chooses.

i. The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

j. The Defendant further understands that if the Defendant has failed or should fail in any way to fulfill completely the Defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, then the Government will be released from its commitment to honor all of its obligations to the Defendant without the Defendant being able to withdraw his guilty plea. The determination of whether the Defendant has breached this plea agreement by failing to fulfill the Defendant's obligations herein, will be at the sole discretion of the Government.

k. The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

2. The undersigned attorneys for the Government and for the Defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The Defendant understands that the U.S. Probation Office will prepare a pre-sentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney.

This \_\_9\_\_ day of January, 2008.

                                           Respectfully submitted,

                                           LEURA G. CANARY
                                           UNITED STATES ATTORNEY

                                           Stephen P. Feaga
                                           Assistant U.S. Attorney
                                           U.S. Attorney's Office
                                           Post Office Box 197
                                           Montgomery, Alabama 36101-0197
                                           Phone: 334-223-7280
                                           Fax: 334-223-7138

                                           Louis V. Franklin, Sr.
                                           Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

X *Carlos Rogers*
Carlos Rogers
Defendant

1/9/08
Date

*[signature]*
KEVIN BUTLER
Attorney for the Defendant

1/9/08
Date

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

X *Carlos Rogers*
Carlos Rogers
Defendant

1/9/08
Date

*[signature]*
KEVIN BUTLER
Attorney for the Defendant

1/9/08
Date